UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VERNON EVANS,                                                           Case No.

                        Plaintiff,
   -vs.-
                                                                                        **COMPLAINT**

MANHATTAN CARPETS INC.
d/b/a MANHATTAN CARPET & FLOORING
and DAVID STANGER,

                        Defendants.
---------------------------------------------------------------X

Plaintiff, VERNON EVANS, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

### *NATURE OF CASE*

1.     This is a civil action for damages and equitable relief based upon Defendant's flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the requirement that employers furnish employees with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1); (vii) the requirement that employers pay spread of hours premiums under the NYCCRR tit. 12 § 142 et seq. and (viii) any other claim(s) that can be inferred from the facts set forth herein.

## THE PARTIES

2. Plaintiff VERNON EVANS, (hereinafter "Mr. Evans" or "Plaintiff") is an individual residing in Kings County, New York.

3. Upon information and belief, Defendant MANHATTAN CARPETS INC. d/b/a MANHATTAN CARPET & FLOORING (hereinafter "Manhattan Carpet") was and is a domestic business corporation.

4. Upon information and belief, Manhattan Carpet's principal place of business is located at 145 East 23rd Street, New York, NY 10010.

5. Upon information and belief, Defendant DAVID STANGER, (hereinafter "Stanger") is an individual, whose actual place of business is located at 145 East 23rd Street, New York, NY 10010.

6. Upon information and belief, at all times herein pertinent, Defendant Stanger, served as a principal, officer and/or manager of Defendant Manhattan Carpet.

7. Upon information and belief, for the calendar year 2016 the gross receipts of Manhattan Carpet were not less than $500,000.00.

8. Upon information and belief, for the calendar year 2017 the gross receipts of Manhattan Carpet were not less than $500,000.00.

9. Upon information and belief, for the calendar year 2018 the gross receipts of Manhattan Carpet were not less than $500,000.00.

10. Upon information and belief, for the calendar year 2019 the gross receipts of Manhattan Carpet will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

11. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

12. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, rollers, staplers, tackers, padding and carpet stretchers.

15. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

16. Manhattan Carpet operates as a carpet retailer and installation business.

17. Mr. Evans was employed by the Defendants from on or about March 15, 2016 until on or about March 10, 2019.

18. Mr. Evans was assigned various duties including but not limited to, selling, cutting, delivering, and installing carpets.

19. Plaintiff conducted his duties with the use of Manhattan Carpet tools during all work performed.

20. Plaintiff worked seven days per work week from hours as early as 6:00am until as late as 10:00pm.

21. Mr. Evans was compensated at a salary rate of $875.00 per work week.

22. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

23. Plaintiff did not receive the statutory minimum wage for all hours worked.

24. Plaintiff did not receive an extra hour at the prevailing minimum wage when his daily spread of hours/split shift exceeded ten hours.

25. Defendants failed to provide Plaintiff with any wage statements that reflected the amount of hours he worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

26. Defendant intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

27. Defendant Stanger had the power to hire employees at Manhattan Carpet.

28. Defendant Stanger hired Mr. Evans on or about March 15, 2016.

29. Upon information and belief, Defendant Stanger had the power to fire employees at Manhattan Carpet.

30. Defendant Stanger fired Mr. Evans on or about the March 10, 2019.

31. Defendant Stanger controlled the terms of the Plaintiff's employment in that he would tell him what tasks to complete and on what time frame they needed to be completed.

32. Upon information and belief, Defendant Stanger controlled the work schedule of all of the employees of Manhattan Carpet, including the Plaintiff's work schedule.

33. Upon information and belief, the Defendant Stanger controlled the rates and methods of payment of each of the employees of Manhattan Carpet, including the Plaintiff's pay rates and methods of pay.

34. Defendant Stanger paid the Plaintiff his wages and the wages of all other employees at Manhattan Carpet.

35. At all times herein pertinent, the Plaintiff performed his duties for Defendant Manhattan Carpet at the direction and under the control of Defendant Stanger.

36. Upon information and belief, and at all times herein pertinent, Defendant Stanger exercised close control over the managerial operations of Manhattan Carpet, including the policies and practices concerning employees.

37. At all times herein pertinent, Defendant Stanger controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Manhattan Carpet in general, and with respect to the Plaintiff in particular.

38. At all times herein pertinent, Defendant Stanger acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

39. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

40. Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

41. Upon information and belief, Defendants, at the time of hire, failed to give the Plaintiff a wage notice that conforms with New York law.

42. Upon information and belied, Defendants failed to give the Plaintiff a wage statement with every payment of wages.

43. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

44. Every hour that Plaintiff worked was for Defendants' benefit.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

45. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

47. Defendants have failed to pay the proper statutory minimum wage to which he has been entitled under the FLSA.

48. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

49. Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

50. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

51. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

52. Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

53. Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiff was entitled under the FLSA.

54. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY MINIMUM WAGE)

55. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56. At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

57. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

58. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

59. Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

60. By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## AS AND FOR A FOURTH CAUSE OF ACTION
## STATE WAGE AND HOUR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (OVERTIME)

61. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

62. At all times herein pertinent, the Plaintiff is and was an employee of Defendants within the meaning of the New York Labor Law.

63. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

64. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

65. Defendants have failed to pay the Plaintiff the overtime wages to which he is entitled under the New York Labor Law.

66. By Defendants' failure to pay the Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### AS AND FOR A FIFTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY SPREAD OF HOURS)

67. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 146-1.6, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

69. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

70. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

71. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

72. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

73. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS*

74. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

75. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

76. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for minimum wage due and owing to the Plaintiff;

b) awarding back pay for overtime pay due and owing to the Plaintiff;

c) awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiff;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
November 6, 2019

                                              Respectfully submitted,
                                              LAW OFFICES OF WILLIAM CAFARO

                                              _____
                                              Amit Kumar, Esq. (AK0822)
                                              *Attorneys for Plaintiff*
                                              108 West 39th Street, Suite 602
                                              New York, New York 10018
                                              (212) 583-7400
                                              AKumar@Cafaroesq.com
                                              Our File No.: 53039